**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0711n.06

No. 10-3444

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 13, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JUAN LUIS HARO-DUENAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW FROM THE |
| v. | ) | UNITED STATES BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: ROGERS, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Petitioner Juan Luis Haro-Duenas, a Mexican national living illegally in the United States for more than 10 years, seeks review of the denial of his application for cancellation of removal. The Immigration Judge (IJ) denied the application on two grounds, concluding that Petitioner failed to meet the Immigration and Nationality Act's (INA) 10-year-continuous-physical-presence and good-moral-character requirements. The IJ based the moral-character conclusion on a finding that Petitioner gave false testimony during the application hearing. The Board of Immigration Appeals (BIA) dismissed the appeal. The panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). We deny the petition.

Petitioner presents three grounds in his petition for review: (1) the IJ violated his right to a fair hearing by admitting the immigration officer's speculative testimony and an erroneous report;

(2) Petitioner's cancellation application in 2008 satisfied the INA's continuous-physical-presence requirement, because it was filed more than 10 years after his arrival in the United States; and (3) the IJ and BIA should have granted his request for repapering, which would have enabled him to satisfy the continuous-physical-presence requirement. Notably, Petitioner did not appeal the IJ's adverse moral-character determination to the BIA, and he does not presently challenge that ruling.

The court has jurisdiction under the INA's general grant of authority to review final orders of removal. 8 U.S.C. § 1252(a)(1); *see also Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005). We review questions of law de novo. *Ramirez-Canales v. Mukasey*, 517 F.3d 904, 907 (6th Cir. 2008). We review factual findings, including adverse credibility determinations, under a substantial evidence standard. *Ben Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). Under this deferential standard, the IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Ben Hamida*, 478 F.3d at 736.

Section 240A(b)(1) of the INA provides in pertinent part:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
>
>> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>>
>> (B) has been a person of good moral character during such period;

> (C) has not been convicted of [certain criminal offenses]; and

> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's [family members who are lawful permanent residents].

8 U.S.C. § 1229b(b)(1). As the Act's requirements for cancellation of removal are conjunctive, an alien must satisfy all four eligibility criteria. *See Santana-Albarran*, 393 F.3d at 702. In this instance, the BIA found that Haro-Duenas cannot prove that he has been physically present in the United States for a "continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b)(1). Under the substantial evidence standard that applies to this factual finding, there is no basis for a "reasonable adjudicator . . . to conclude to the contrary." *Ben Hamida*, 478 F.3d at 736. Because Haro-Duenas has not provided any documentary or testimonial evidence that he has been in the United States since on or before December 4, 1996, 10 years prior to the date that he received his Notice to Appear (NTA), nothing compels this court to disturb the factual findings of both the IJ and the BIA.

Unable to provide documentation prior to 1997, Haro-Duenas argues that the 10-year-continuous-physical-presence requirement should be measured from his 2008 application for cancellation of removal instead of the December 2006 NTA. The IJ and BIA correctly held, however, that this would be an incorrect application of 8 U.S.C. § 1229b(b). Though Haro-Duenas alleges that interpreting "immediately preceding the date of such application," 8 U.S.C. § 1229b(b), is a matter of "first impression" for this court, this is not actually the case. This circuit has already

3

determined that 8 U.S.C. § 1229b(b) should be interpreted "[p]ursuant to" 8 U.S.C. §1229b(d)(1),[1] and therefore "the period of continuous physical presence is 'deemed to end when the alien is served with a notice to appear.'" *Santana-Albarran*, 393 F.3d at 703 n.3 (citing 8 U.S.C. § 1229b(d)(1)). *See also Galvan v. Holder*, 403 F. App'x 35, 37 (6th Cir. 2010). Therefore, the IJ and BIA correctly interpreted 8 U.S.C. § 1229b(b) to find that Haro-Duenas did not meet the 10-year-continuous-physical-presence requirement.

Haro-Duenas's claim that the IJ violated his right to a fair hearing by admitting Officer Reynolds's allegedly speculative testimony and erroneous report also lacks merit. Though aliens facing removal are entitled to a "full and fair hearing," the IJ is "entitled to broad discretion in conducting that hearing," *Castellano-Chacon v. I.N.S.*, 341 F.3d 533, 553 (6th Cir. 2003), and there is nothing in the record to suggest that the IJ misused that discretion in this instance. Haro-Duenas contends that, because Officer Reynolds could not recall interviewing the Petitioner without referring to the I-213 form, Reynolds's testimony pertaining to Haro-Duenas's date-of-entry "should be given very little or no weight." However, as noted by both the BIA and the IJ, even if the testimony from Officer Reynolds was completely disregarded, Haro-Duenas would still be unable to meet the 10-year-continuous-physical-presence requirement. Notably, Haro-Duenas was given the opportunity to present his case with counsel*,* and the IJ denied the petition after witnessing the demeanor of both

---

[1]In pertinent part, 8 U.S.C. §1229b(d)(1) states, "For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title[.]"

the Petitioner and Officer Reynolds.  Therefore, Haro-Duenas's due process claim does not support granting his petition for review.

Finally, the BIA correctly decided not to recommend to the Department of Homeland Security that it "repaper" and reissue Haro-Duenas a NTA with a later date of service.  As the BIA explained, "repapering" was designed to allow the Attorney General to terminate *deportation* proceedings and reinitiate *removal* proceedings.  *Bazzi v. Ashcroft*, 118 F. App'x 953, 960 (6th Cir. 2004) (citing IIRIRA § 309(c)(3)).[2]  As this case is not a deportation proceeding, the BIA did not err in denying Haro-Duenas's request.

Because Petitioner could not prove that he has met the 10-year-continuous-physical-presence requirement for an application for cancellation of removal under 8 U.S.C. § 1229b(b), we DENY the petition for review and VACATE the stay on removability.

---

[2]  According to the BIA, "[r]emoval proceedings replaced deportation proceedings in immigration cases commencing on or after April 1, 1997."